Citation Nr: 1450461 
Decision Date: 11/14/14 Archive Date: 11/26/14

DOCKET NO. 10-05 486 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Newark, New Jersey


THE ISSUES

1. Entitlement to a compensable rating for headaches.

2. Entitlement to a total disability rating based on individual unemployability due to service-connected disabilities (TDIU).


REPRESENTATION

Appellant represented by: The American Legion


ATTORNEY FOR THE BOARD

A. Lech, Associate Counsel




INTRODUCTION

The Veteran had active service from August 1984 to August 1992.

This case comes before the Board of Veterans' Appeals (Board) on appeal from rating decisions by the Department of Veterans Affairs (VA) Regional Office (RO) in Oakland, California. A May 2008 rating decision denied a compensable rating for headaches, and a July 2012 rating decision denied service connection for sleep apnea and a compensable rating for chronic fatigue syndrome/fatigue. Jurisdiction of the record is with the RO in Newark, New Jersey.

The Veteran filed claims of entitlement to service connection for sleep apnea and fatigue in September 2010. The RO denied service connection for sleep apnea, and granted service connection for fatigue and assigned a 0 percent rating, in July 2012. The Veteran filed a timely notice of disagreement in December 2012. The RO issued a statement of the case in April 2014. While the representative listed those issues on the October 2014 written brief presentation, the Board finds those issues are not on appeal. The October 2014 written brief presentation does not constitute a timely substantive appeal to the July 2012 rating decision, or following the April 2014 statement of the case, and no other communication of record constitutes a timely substantive appeal of those issues. While the Veteran submitted a statement in February 2013 purporting to be an appeal of the claim for service connection for fatigue, that statement preceded the issuance of the statement of the case and related to the service connection claim, rather than the rating claim, and thus cannot be a timely substantive appeal because it was not received after the issuance of the statement of the case. 38 C.F.R. § 20.200 (2014). Therefore, those issues are not on appeal.


REMAND

The Board regrets the further delay, but finds that additional development is necessary before the issues on appeal are adjudicated.

The Veteran asserts that his headaches are more disabling than the 0 percent rating currently assigned. 

At a December 2013 VA examination, the examiner stated that the Veteran did not experience any prostrating attacks of migraine or non-migraine headache pain, and that the headaches did not have an impact on the Veteran's occupational status. The examiner opined that the Veteran's headaches remained stable, mild, and under control, and were not prostrating in nature. 

The examiner's findings directly contrast with the multiple statements by the Veteran, in which he has reported that his headaches are daily, constant, and debilitating, and that they are not controlled by the many medications he takes. In addition, the Veteran has claimed that his headaches have increased, and continue to increase, since having temporomandibular joint surgery. When VA provides an examination, even if not obligated to do so, VA must provide an adequate one or notify the claimant when one will not or cannot be provided. Barr v. Nicholson, 21 Vet. App. 303 (2007). Therefore, the Veteran should be provided a new VA examination by another appropriate examiner to determine the current status and symptomatology of his headaches and reconcile the findings with the Veteran's subjective reports of daily, severe headaches. McLendon v. Nicholson, 20 Vet. App. 79 (2006). That examination should also consider entitlement to TDIU as that issue has been raised during the pendency of this appeal and attributed, at least in part, to the service-connected headaches.

The Veteran has related on multiple occasions that he no longer works, and is not capable of working, as a result of service-connected disabilities and the medications he takes for those disabilities, which cause pain and side-effects respectively. The VA treatment records that the Veteran has submitted show that he is no longer working. 

The claim for TDIU is part of a Veteran's claims for increased rating. However, that issue of TDIU is inextricably intertwined with the increased rating claim on appeal, and the Board will defer adjudication of the TDIU claim until the development directed on the other claims has been completed. The appropriate remedy where a pending claim is inextricably intertwined with a claim currently on appeal is to remand the claim on appeal pending the adjudication of the inextricably intertwined claim. Harris v. Derwinski, 1 Vet. App. 180 (1991).

Accordingly, the case is REMANDED for the following action:

1. Issue notice to the Veteran regarding what evidence is needed to substantiate a claim for TDIU, what evidence VA will attempt to obtain, and what evidence he should obtain.

2. Schedule the Veteran for an examination to assess the current severity of headaches. The examiner must review the record, and should note that review in the examination report. All stated opinions must be supported by full rationale. The examiner should provide opinions on the following:

(a) Provide an opinion as to the current nature and severity of the Veteran's headaches. Comment on the functional limitations caused by the headaches, including the frequency, duration, and symptomatology experienced during attacks, if any, and on the headaches' impact on the Veteran's occupational and daily activities. Specifically state whether the headaches are productive of prostrating attacks or productive of severe economic inadaptability.

(b) State whether it is at least as likely as not (50 percent or greater probability) that the Veteran is unable to secure or follow a substantially gainful occupation by reason of service-connected disabilities of temporomandibular joint disorder with bruxism, anxiety disorder with panic attacks, cervical spine disability, hypertension, left ear and left neck scars, tinnitus, sinusitis, headaches, myofascial pain syndrome, and chronic fatigue syndrome. Age and nonservice-connected disability cannot be considered in making the determination. If the Veteran would be capable of working with his service-connected disabilities, the examiner should state what type of work is possible and what accommodations would be needed due to the service-connected disabilities.

3. Then, readjudicate the claims. If any benefit sought on appeal remains denied, issue a supplemental statement of the case and allow the appropriate time for response. Then, return the case to the Board.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2014).



______________________________________________
Harvey P. Roberts
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).




Department of Veterans Affairs